IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:20-cr-060-03 |
| Plaintiff, | |
| v. | **UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR DETENTION AND RESPONSE TO MOTION FOR STAY** |
| DONALD BERNARD SISTRUNK JR., | |
| Defendant. | |

The United States of America, by Drew H. Wrigley, United States Attorney for

the District of North Dakota, and Rick L. Volk, Assistant United States Attorney,

submits this Reply to the Defendant's Response to the Government's Motion for

Detention, and in response to the Defendant's Motion for Stay.

In his response, the Defendant argues he was not represented by current counsel

upon filing of the United States' appeal of the Eastern District of Michigan Magistrate

Judge's order of release on conditions, and had insufficient opportunity to respond.

While the Defendant's current counsel was not appointed in this District until August 19,

2020 (DCD 79), the Defendant was, in fact, represented by counsel from the Eastern

District of Michigan who was served with a copy of the United States' appeal (DCD 73,

p. 5: Certificate of Service).  Defense counsel from the Eastern District of Michigan

participated in the detention hearing, received the United States Probation Officer's bail

report, communicated with the Defendant, had access to the entire record of the

proceedings before the Magistrate Judge, and was advised during the detention hearing

of the United States' intention to appeal the Magistrate Judge's decision.  The Magistrate

Judge inexplicably gave the United States approximately 2 hours to file it's appeal with this Court and to obtain a stay.  At that time, counsel for the United States was not in the State of North Dakota, and the District Judge assigned to the matter was on leave. Nevertheless, the United States filed and served its appeal within the time frame ordered by the Magistrate Judge, who had appointed counsel for the Defendant to address the detention issues.  That counsel was with the Federal Public Defender's office in the Eastern District of Michigan, and was readily available to assist with preparation of a response.  The statute at issue – 18 U.S.C. § 3145(a) – requires the determination to be made "promptly" by the Court.  While there are no specific time deadlines set by the statute, the fact that the Magistrate Judge gave the United States two hours to file its appeal and the Defendant suggests he has 14 days to respond reeks of unfairness.

While the United States appeal was filed in the District of North Dakota, and not the Eastern District of Michigan, the statute requires such a filing.  See 18 U.S.C. 3145(a).  That statute mandates that the Government file a motion for revocation of a magistrate judge's order of release with the court having original jurisdiction over the offense.  Id.  The Defendant's case was filed in the District of North Dakota (not the Eastern District of Michigan).  Therefore, this Court was the proper venue for the filing.

Should this Court believe the Defendant was not provided proper representation or opportunity to respond prior to issuance of its decision, the Defendant's current appointed counsel has presented his position to the Court.  Despite those arguments, the Court should maintain its reversal of the Magistrate Judge's order for release on conditions and continue the detention of the Defendant.

2

The Defendant's arguments do not rebut the presumption for detention that applies in this case considering the record of non-appearance by the Defendant, his lack of ties to this District, his history of recent travel, and the lack of knowledge of his parent (his proposed release address) of his travel.

First, the Defendant fails to address the presumption for detention that applies in this case. See 18 U.S.C. 3142(e)(3). As the Government noted in its appeal motion, based upon the nature of the charge and the applicable penalty, there is a rebuttable presumption for detention. In his response, the Defendant completely ignores this and the effect of his consistent history of failure to appear has as to that presumption. He simply argues the US Probation Officer knew of the same and nevertheless recommended release. However, the US Probation Office only recites history in its bail report, and does not note any further information pertaining to the same. Effectively, the Defendant simply asks this Court to ignore the presumption that Congress has put in place and does not explain how that presumption is overcome by available facts.

Further, the Defendant – just like the Magistrate Judge – fails to recognize that it is the Defendant's lack of ties to the charging district that are important in assessing the risk of flight. The Defendant argues ties to any jurisdiction are sufficient to demonstrate a defendant is not a risk of flight, citing a Ninth Circuit decision and a decision from the Northern District of Iowa, neither of which hold any precedential value for this Court. Other courts disagree. For example, in United States v. Alverez-Lopez, 2014 WL 2882906, *2 (M.D. Fla. 2014), the Court stated: "In the federal system, courts look to the ties of a defendant to the judicial district in which the criminal charges have been brought

3

in assessing the risk of flight. . . [c]onsidering a defendant's ties to another district runs counter to whole consideration of risk of flight determination."   While this decision also holds no precedential value on this Court, its point is well taken.

The Defendant's conduct here exemplifies that point.  The Defendant is charged in an Indictment that alleges he engaged in a conspiracy to distribute oxycodone from in or about 2017 to the date of the charge.  (DCD 2)  During this time frame, on 02/27/2019, the Defendant was charged in McKenzie County (ND) District Court with a misdemeanor drug offense.  (DCD 75, p. 4).  By way of proffer, the United States notes the Defendant was arrested at the home of Devin Yellow Wolf in Mandaree, ND, which involves a portion of the offense conduct charged in Count Eight of the Indictment (Maintaining Drug-Involved Premises) as the Defendant was one of several individuals staying at Yellow Wolf's residence for purposes of selling oxycodone pills.  The Defendant appeared and was released on bond in McKenzie County District Court.  He thereafter failed to appear for a hearing and a bench warrant was issued for his arrest. (DCD 75, p. 4).  Effectively, the Defendant failed to appear in a court in this District on a matter involving the instant offense conduct.

Further, contrary to the Defendant's suggestion, he has not simply failed to appear on cases involving traffic tickets.  The above conduct is one such example.  The bail report, however, also noted the Defendant had a failure to appear warrant issued in the 34th District Court in Michigan on a charge involving possession of dangerous drugs.

The risk of flight means more than active hiding or concealment from authorities as implied by the Defendant.  It also means the risk the Defendant will simply not show

up for his court hearing(s).  The risk the Defendant will fail to do so was undeniably demonstrated by his failure to appear in North Dakota state court on charges directly involved in the instant offense conduct.  It has been further exacerbated by the Defendant's failure to appear for court hearings in his own home District.

Finally, the Defendant overstates the strength of his community ties to the Eastern District of Michigan as it relates to his risk of flight.  Certainly, Michigan is "home" for the Defendant.  However, the Magistrate Judge was advised that, upon arrest, the Defendant acknowledged recent travel to Atlanta, GA, and that he had also traveled to North Dakota.  The Magistrate Judge was further advised the Defendant's mother was "unaware" of the Defendant's travel to North Dakota.  The Defendant's mother's home is the home the Defendant sought and granted release to.  Such conduct, in light of the allegations in the Indictment, suggests the ties to the Michigan do not prevent his unilateral decisions to move around the country at will and without knowledge of the other residents of his home.  Having the Defendant return to that environment hardly reduces the risk the Defendant will fail to appear.

Based upon the foregoing, the United States respectfully requests this Court affirm its prior decision, deny the Defendant's motion for stay, and continue to order the Defendant's detention pending trial.

Dated:  September 3, 2020.

DREW H. WRIGLEY
United States Attorney

By:   /s/ *Rick L. Volk*_____
RICK L. VOLK
Assistant United States Attorney
ND Bar ID 04913
P.O. Box 699
Bismarck, ND  58502-0699
(701) 530-2420
rick.volk@usdoj.gov
Attorney for United States